461 So.2d 633 (1984)
STATE of Louisiana
v.
Roger Joseph JACOB.
No. 84 KA 0518.
Court of Appeal of Louisiana, First Circuit.
December 28, 1984.
Ossie Brown, Dist. Atty. by Donald Wingerter, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Gail Ray, Asst. Public Defender, Baton Rouge, for defendant-appellant.
*634 Before WATKINS, CRAIN and ALFORD, JJ.
WATKINS, Judge.
Defendant, Roger Joseph Jacob, was charged by bill of information with one count of indecent behavior with juveniles, a violation of LSA-R.S. 14:81. A jury returned the responsive verdict of attempted indecent behavior with juveniles, and defendant was subsequently sentenced to serve one year at hard labor. He has appealed, alleging four assignments of error, as follows:
1. The trial court erred when it overruled a defense objection to hearsay.
2. The trial court erred when it denied a defense request to present argument relative to the hearsay objection.
3. The verdict is contrary to law and/or the evidence.
4. The trial court imposed an excessive sentence, and failed to comply with the sentencing criteria of LSA C.Cr.P. art. 894.1.
Assignments of error one and two were not briefed on appeal, and are thereby considered abandoned. Uniform Rules Courts of Appeal, Rule 2-12.4.
The charges for this prosecution arise from an incident involving a thirteen year old boy. Defendant had been friendly with the victim and his family for some time before the incident. On the date of the offense, defendant, a forty-four year old "born again Christian", and the victim spent the afternoon together, shopping for religious items. Later, defendant and the victim retired for the evening, sleeping together in defendant's double bed, while defendant's roommate slept on the sofa.
The victim testified that he was awakened when defendant pulled him on top of his body, kissed him repeatedly, and fondled him. Defendant claims he only acted in a fatherly manner towards the boy, intending only to comfort him, and his actions were misconstrued by the victim.

ASSIGNMENT OF ERROR NO. THREE:
By this assignment of error, defendant argues the evidence was insufficient to support the verdict. Specifically, defendant claims that the state failed to prove that a "lewd or lascivious act" took place and (2) that the defendant intended to arouse or gratify either his or the victim's sexual desire.
At trial, the victim testified that he was awakened when defendant grabbed him during the night and pulled him on top of him. The victim also testified that defendant fondled his penis and crotch area, and kissed him repeatedly, thrusting his tongue into the boy's mouth. The victim further testified that defendant told him "it had been a long time and he was lonely." After some time, defendant asked the boy if he wanted him to stop, and did cease the activity when the boy asked him to.
In a statement made after his arrest, defendant admitted to kissing the victim on the lips, and scratching his rump underneath the boy's shorts. He also admitted that he grabbed the victim by the arms and pulled him on top of him, and that he did tell the boy he was lonely. Defendant denied that he had "french-kissed" the boy, and stated he did not remember telling him that "it had been a long time." Throughout his trial testimony, defendant indicated that his conduct was nothing more than a "Christian" embrace and typical conduct of a charismatic church member.
The standard of review of the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the prosecution, any rational juror could find that the state proved the essential elements of the crime beyond a reasonable doubt. State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). We find that any rational juror could have found proof of the essential elements herein.
Proof of the element of a "lewd or lascivious" act is determined, at least in part, by the second element argued, that is, whether defendant intended to arouse or gratify either his or his victim's sexual desire. We recognize that some actions, in one context, *635 may be intended as a supportive, comforting action, and in another context constitute entirely inappropriate behavior. In the case herein, even assuming that nothing more than those actions admitted by defendant occurred, a rational juror could have found that fondling a thirteen year old boy under his shorts was intended as a sexual, not a comforting gesture. The victim's additional testimony, stating that defendant had fondled his genital area and thrust his tongue into the boy's mouth while kissing him, certainly substantiates the intent to arouse or gratify the sexual desires of one of the parties. We find that any rational juror could have found the elements proven herein, and the verdict is not contrary to law and the evidence.

ASSIGNMENT OF ERROR NO. FOUR:
In this assignment of error, defendant argues that the sentence imposed is excessive.
Defendant was sentenced to be confined to the custody of the Department of Corrections for one year. The maximum sentence of imprisonment which defendant could have received for the conviction of attempted indecent behavior with juveniles is imprisonment, with or without hard labor, for up to two and one-half years. LSA-R.S. 14:27 and 14:81. Defendant's sentence is thus not apparently severe.
The trial court has wide discretion in the imposition of a sentence within statutory limits and, given compliance with the sentencing criteria of LSA C.Cr.P. art. 894.1, the sentence will not be set aside in the absence of a manifest abuse of discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir.1984). A sentence will not be determined to be excessive unless it is grossly disproportionate to the crime, or nothing more than the needless imposition of pain and suffering. State v. Wardlow, supra.
Defendant argues the sentence imposed is excessive because the trial court failed to consider several mitigating factors, those being his lack of prior convictions, a substantial period of time without having been arrested, voluntary psychiatric treatment, and employment record. The trial court specifically noted that it had considered these factors. The court also noted that, although his record was devoid of convictions, defendant had been arrested for other sexual offenses before. The court noted that this offense was committed while under the pretext of preaching and participating in religious activity with the victim.
We do not find the sentence herein to be an abuse of the sentencing discretion accorded the trial court. We find that the trial court adequately particularized its reasons for the imposition of the sentence.
For the foregoing reasons the conviction and sentence are affirmed.
AFFIRMED.