602 So.2d 1042 (1992)
STATE of Louisiana
v.
Irving J. LOUVIERE.
Nos. 90-KA-1908, 90-KA-1909.
Court of Appeal of Louisiana, Fourth Circuit.
June 18, 1992.
Rehearing Denied August 5, 1992.
William J. Guste, Atty. Gen., New Orleans, Darryl W. Bubrig, Sr., Dist. Atty., Pointe-a-La-Hache, Gilbert V. Andry, III, Asst. Dist. Atty., New Orleans, for appellee.
Timon V. Webre, Belle Chasse, for appellant.
Before SCHOTT, C.J., and JONES and LANDRIEU, JJ.
LANDRIEU, Judge.
We are asked to decide whether sufficient evidence was introduced at trial to sustain defendant/appellant's conviction of two (2) counts of Attempted Indecent Behavior with a Juvenile. In addition, defendant assigns as reversible error the court's dismissal of a prospective juror and the introduction of hearsay evidence. Since we conclude that the State failed to prove beyond a reasonable doubt that defendant's actions constituted an attempted violation of La.Rev.Stat.Ann. § 14:81 (West 1986), we will not consider in this opinion the latter assignments of error.

FACTS:
On the afternoon of January 17, 1989, two, nine (9) year old girls, Mandy Zuvich and Iris Cognevich, were playing at the Zuvich home after school. Although Mrs. Zuvich was in the house, she did not directly supervise the girls' play outdoors. During the course of their play, the girls interacted on several occasions with a long-time neighbor, seventy-two (72) year old Irving J. Louviere, also known as "Cowboy." Louviere was in his yard, which was at least partially enclosed by a fence, much of the afternoon. Earlier in the day, he had burned trash, and, after eating dinner, he returned to the yard to feed scraps to the dogs.
According to the testimony of the girls, they crossed into Louviere's yard at least *1043 three (3) times on the afternoon of January 17, 1989. On one (1) of the first two (2) occasions, the girls followed Louviere into his garage where they were alone with him and out of sight of the other children with whom they were playing. On the last visit, shortly before Iris's mother came to pick her up, Louviere called the girls to him while he stood on the back steps of his home and scraped chicken bones from his dinner off a plate. After greeting Mandy, he bent down, put his arm around her back, and put his mouth on hers. Mandy testified that Louviere attempted to put his tongue into her mouth but that she clenched her teeth to avoid that action. Before she pulled away from him, Mandy asked "What about Iris?" At that point, he repeated the "bad kiss" on Iris, who testified on cross examination that it was not unlike kisses from her "granny's stepmother," who had no teeth. As the girls ran from the yard and climbed the fence, Louviere reportedly asked them "Does it smell like chicken?"
Shortly after the encounter, Mandy was questioned about it by her brother. At his insistence, she tearfully related the event to her mother. Mrs. Zuvich then promptly telephoned Iris's mother, who confronted her child and confirmed the events of the afternoon as well.
By two (2) separate bills of information, Louviere was charged with violations of La.Rev.Stat.Ann. § 14:81, Indecent Behavior with a Juvenile. He was tried by a jury of six (6) on November 13 and 14, 1989, and was convicted of Attempted Indecent Behavior with a Juvenile in each case. After being adjudicated a multiple offender at a hearing on December 13, 1989, he was sentenced on January 16, 1990 to three (3) years in the custody of the Louisiana Department of Corrections.

DISCUSSION:
The standard for reviewing a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Rosiere, 488 So.2d 965, 968 (La.1986). The reviewing court is to consider the record as a whole, not just the evidence favorable to the prosecution; and, if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict will be upheld. State v. Mussall, 523 So.2d 1305, 1310 (La.1988). If there is only circumstantial evidence of a critical element of the offense, La.Rev.Stat. Ann. § 15:438 (West 1992) provides that every reasonable hypothesis of innocence must be excluded in order to convict. Although it has been decided that § 15:438 was not established to produce a stricter standard of review, it provides a guide for analyzing the evidence presented. State v. Porretto, 468 So.2d 1142, 1146 (La.1985); State v. Heck, 560 So.2d 611, 615 (La.App. 4th Cir.1990). In addition, the statute emphasizes the need for careful observance of the usual standard. State v. Chism, 436 So.2d 464, 470 (La.1983).
The elements of the offense of Indecent Behavior with a Juvenile are found in La. Rev.Stat.Ann. § 14:81, which provides in pertinent part:
A. Indecent behavior with juveniles is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person. Lack of knowledge of the child's age shall not be a defense.
To convict a defendant of this offense, the State must prove that (1) the defendant was over the age of seventeen (17) and more than two (2) years older than the victim, who was not yet seventeen (17); (2) the defendant committed a lewd or lascivious act upon the person or in the presence of a child; and (3) that the defendant intended to arouse or gratify either his own or the victim's sexual desires. Since the defendant was convicted of "Attempted" Indecent Behavior with a Juvenile in this *1044 case, the State was required to prove that the defendant, having a specific intent to commit a crime, either did or omitted to do an act for the purpose of or tending directly toward accomplishing his object. La. Rev.Stat.Ann. § 14:27 (West 1986).
In this case then, after considering the entire record, we must determine whether a rational trier of fact could have found the essential elements of the crime of attempted indecent behavior with a juvenile to have been proved beyond a reasonable doubt. And, since circumstantial evidence must be relied on to prove intent, we must consider whether there is a reasonable hypothesis of innocence to be derived from the circumstances, other than the defendant's attempt to commit a lewd and lascivious act with the intent to arouse or gratify sexual desires.
The ages of the defendant and the victim are not disputed. Therefore, we need only examine the evidence presented to prove the remaining elements of the crime, that is, the attempted performance of a lewd or lascivious act and the defendant's intent to arouse or gratify either his or the victim's sexual desires.
The only act alleged was the attempted "french kiss" of the two young victims. To determine whether the trier of fact rationally concluded that this act was "lewd or lascivious," or an act tending directly toward a lewd or lascivious act, we must first consider how these terms are defined. According to a recent decision of this court,
[a] lewd or lascivious act is one which tends to excite lust and to deprave the morals with respect to sexual relations and which is obscene, indecent, and related to sexual impurity or incontinence carried on in a wanton manner.
State v. Rollins, 581 So.2d 379, 382 (La. App. 4th Cir.1991) (citing State v. Holstead, 354 So.2d 493 (La.1977); State v. Prejean, 216 La. 1072, 45 So.2d 627 (1950).) In State v. Saibold, 213 La. 415, 34 So.2d 909, 911 (La.1948), the Louisiana Supreme Court, in concluding that the meaning of the terms was sufficiently clear when used together, stated that lewd or lascivious behavior "connotes actions or gestures of a lustful and lecherous nature." Furthermore, "to settle any possible doubt," that court directed attention to the Reporter's Comment to § 14:81, which specifies that the purpose of this section prohibiting indecent behavior with a juvenile is to prohibit behavior that falls short of sexual intercourse carried on with young children as well as indecent sexual displays in their presence.
In addition, a review of reported cases of prosecutions under § 14:81 is illustrative of the type of conduct intended to be proscribed. Indecent behavior with a juvenile in which kissing has occurred has uniformly involved more. In State v. Boutte, 384 So.2d 773 (La.1980), the defendant was alleged to have stuck his tongue into the mouth of a four (4) year old neighbor. In addition, however, he removed the child's clothing, laid on top of her, and rubbed her genitals. While the defendant in State v. Jacob, 461 So.2d 633 (La.App. 1st Cir.1984), did repeatedly kiss a thirteen (13) year old boy, he also pulled the boy on top of him in bed and fondled him during an overnight stay. And, this court found indecent behavior with a juvenile to have occurred when the defendant french kissed two young boys and also indulged in inappropriate body contact, all over a protracted period. State v. Rollins, 581 So.2d 379 (La.App. 4th Cir.1991). It appears then that a kiss is proscribed behavior under § 14:81 when it is repeated or accompanied by other acts that seem more likely to excite lust and to deprave morals, generally genital contact.
In view of the definition, the stated purpose of the criminal statute, and our review of prior jurisprudence involving the statute, it would be difficult for the rational trier of fact to conclude that the testimony concerning a "bad kiss" proved the occurrence of a lewd and lascivious act. Furthermore, there was no indication that any other action was planned which, together with the kiss, would bring Louviere's conduct within the ambit of the statutory prohibition. Without genital contact or any other obscene or indecent act or repeated occurrence, these kisses fall short of the *1045 statutory and judicial requirements of the crime.
In addition, the State was required to prove another element of the crime of indecent behavior with a juvenile, Louviere's intent to arouse or gratify either his or his victims' sexual desire. La.Rev.Stat.Ann. § 14:10 (West 1992) defines specific intent as
that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.
Although the Louisiana Supreme Court concluded in State v. Fuller, 414 So.2d 306, 310 (La.1982) that intent may be inferred from the attendant circumstances, circumstantial evidence, in order to convict, must exclude every reasonable hypothesis of innocence. La.Rev.Stat.Ann. § 15:438.
In the instant case, no evidence was adduced for the rational trier of fact to conclude that Louviere specifically intended to arouse or gratify either his own or his victims' sexual desire. And, the setting as well as the circumstantial evidence supports a hypothesis of innocence. Louviere's encounter with the children occurred in daylight and in plain view. While the act itself was crude and repugnant, his asking the girls whether his breath smelled like chicken does not suggest an intent to be sexually aroused. Likewise, Mandy's response, "what about Iris?" immediately after Louviere kissed her, and Louviere's response by kissing that child as well, tends to support the inference that the act was intended to be a crude and repugnant joke rather than an attempt to arouse or gratify a sexual desire. Defendant's hypothesis is also consistent with the fact that Louviere did not touch the girls with his hands during the kiss, and may well have been still holding the dirty dinner plate, and with the fact that, earlier in the day, he had bypassed an opportunity to accost the girls in the privacy of his garage had he intended sexual arousal or gratification with these children.
While there is considerable support for defendant's hypothesis of innocence, there was no evidence of sexual intent introduced at trial. There was simply testimony concerning a "bad kiss," which was repugnant, but which, without more, does not meet the definition of lewd and lascivious conduct. Therefore, while defendant's conduct may be criminally prohibited under another statute, the State failed to prove beyond a reasonable doubt that his actions constituted an attempted violation of § 14:81, and the jury decision to convict on insufficient evidence cannot be upheld. Accordingly, the conviction is reversed.
REVERSED.