607 So.2d 967 (1992)
STATE of Louisiana
v.
Ronald RAGAS.
No. 92-KA-0342.
Court of Appeal of Louisiana, Fourth Circuit.
October 29, 1992.
Writ Denied February 11, 1993.
*968 Byrne W. Dyer, III, Gretna, for appellant.
Before SCHOTT, C.J., LOBRANO and JONES, JJ.
LOBRANO, Judge.
The defendant, Ronald Ragas, was charged by bill of information with two counts of attempted molestation of a juvenile, violations of LSA-R.S. 14:(27)81.[1] A jury found the defendant guilty as charged on both counts. He was given suspended sentences of five years at hard labor on each count, to run concurrently. He was also sentenced to active probation for three years and ordered to pay court costs of $161.50 or serve an additional thirty days in jail. The special conditions of defendant's sentence include not having contact with the victim and paying $20.00 per month to the Department of Corrections, $300.00 to the Orleans Indigent Defender Program and $300.00 to the Judicial Expense Fund. Defendant now appeals his convictions and sentences. We reverse defendant's conviction on the first count, modify defendant's conviction on the second count by rendering a judgment of conviction on the lesser and included offense of attempted indecent behavior with a juvenile and remand this case for sentencing on defendant's modified judgment of conviction.
*969 The victim in this case is the niece of the defendant's wife. According to the victim, one day during the summer of 1989, when she was thirteen years old, she was on her way to a doctor's appointment but missed the bus she had planned to take. Because her aunt and uncle lived near the bus stop, she went to their house to wait on their porch for the next bus. The victim testified that the defendant was the only person at home and he told her to come into the house. When she went inside, he locked the door. As she heard the bus approaching, she attempted to leave but the defendant walked up behind her, put his arms around her and started kissing her on the neck. She was able to pull away from him and left to go catch the bus.
In May 1990, the victim, who was then fourteen years old, went to this same aunt and uncle's house to visit her cousin. When she arrived, only the defendant was home and he told her that her cousin was still at school but that she could wait in her cousin's bedroom. The victim testified that the defendant came into the bedroom and sat down next to her on the bed. After they talked awhile, the defendant decided to lie down on the bed and asked the victim to move closer to him. When she refused, the defendant pulled her on top of him. The victim stated that the defendant was "feeling on me." She managed to pull away from him and went into the kitchen. The defendant came up behind her in the kitchen and began hugging her, touching her and kissing her on the neck. She pulled away and left the house. When asked at trial which parts of her body the defendant had touched that day, the victim indicated that he had touched her breasts and buttocks.
The defendant denied ever kissing the victim or improperly touching her. He claims that he was never alone with the victim in his house during the summer of 1989. As for the victim's allegations regarding the May 1990 incident, the defendant claims that the victim came over uninvited and that he let her in the house where she stayed about eight or ten minutes. He testified he never touched her.
This case involved no physical evidence or eyewitnesses who could corroborate or refute the victim's story. The jury evaluated the credibility of the victim and the defendant and chose to believe the victim's version of these two incidents.
ASSIGNMENT OF ERROR ONE
The defendant argues that the trial court erred in allowing irrelevant evidence and improper argument by the State without adequate admonishment to the jury. Specifically, the defendant claims that he was prejudiced by the State's references to the victim's alleged suicide attempt several weeks after the second incident.
The record reflects that each time the defense objected to questions or comments by the State regarding the victim's alleged suicide attempt, these objections were sustained by the trial court. Furthermore, the trial judge admonished the jury to disregard the allegation of a suicide attempt.
Defendant claims that his objection to one of the State's questions about the suicide attempt was overruled. He cites a portion of the transcript of the State's examination of the victim in which the prosecutor asked her about her feelings when no action was taken after her mother and aunt were informed of the two incidents. That portion of the transcript states as follows:
"Q. Did anyonehow did you feel when nothing was done?
A. That nobody cared.
Q. What happened after that? Anything unusual happen in June that was related to this?
A. No. Me and my mother got in an argument, and I took pills, tried to kill myself.
BY MR. DYER:
Objection, your Honor. This is irrelevant to what occurred.
BY MR. SINHA:
Your honor, this
BY THE COURT:
As to how she felt, I'll overrule that, allow the lady to answer, and she has."
The judge's remarks indicate that he was only allowing the victim to answer the State's question about how she felt when *970 nothing was done and was not allowing the victim's reference to her alleged suicide attempt.
Although the State's questions regarding the victim's alleged suicide attempt were improper, any possible prejudice was cured by the trial judge's sustaining of the defendant's objections and his admonition to the jury to disregard this allegation. See LSA-C.Cr.P. art. 771.
The defendant also argues that the trial judge erred in allowing testimony and argument regarding the victim's feelings after the alleged attempted molestation incidents. The trial judge's decision to allow testimony and argument on this issue was within his wide discretion and we find no error.
Defendant further claims that he was prejudiced during defense counsel's questioning of the victim when the prosecutor asked defense counsel not to intimidate or "glare" at this witness. The record shows that defense counsel did not object to these comments when they were made and therefore waived his right to challenge these statements on appeal. Furthermore, there is no showing that these statements were prejudicial to defendant's case.
This assignment of error is without merit.
ASSIGNMENT OF ERROR TWO
In this assignment, the defendant claims that the trial court erred in disallowing evidence of the victim's past sexual behavior. Defendant filed a motion prior to trial to have this evidence allowed but the motion was denied by the trial judge. The defense claims that this evidence should have been allowed because it would have shown that another possible reason existed for the alleged suicide attempt, i.e. that the victim was distraught when she learned that she was pregnant. At trial, the victim admitted that she is unmarried and has a child. Defendant wanted to use this evidence to refute the State's insinuation that the alleged suicide attempt was a result of the alleged attempted molestation by the defendant.
LSA-C.E. art. 412 provides that, as a general rule, when an accused is charged with a crime involving sexually assaultive behavior, reputation or opinion evidence of the past sexual behavior of the victim is not admissible. This article also states that evidence of specific instances of the victim's past sexual behavior is also not admissible except for:
(1) Evidence of past sexual behavior with persons other than the accused, upon the issue of whether or not the accused was the source of semen or injury; provided that such evidence is limited to a period not to exceed seventy-two hours prior to the time of the offense, and further provided that the jury be instructed at the time and in its final charge regarding the limited purpose for which evidence is admitted; or
(2) Evidence of past sexual behavior with the accused offered by the accused upon the issue of whether or not the victim consented to the sexually assaultive behavior.
We interpret the term injury in the first exception to refer to injury suffered in the crime involving the sexually assaultive behavior. We find no merit in the defendant's claim that this term encompasses any injury suffered by the victim in her alleged suicide attempt several weeks after the second alleged attempted molestation. Furthermore, the State was not allowed to pursue its line of questioning on the alleged suicide attempt and the trial judge admonished the jury to disregard this allegation.
Because neither of the exceptions in Code of Evidence Article 412 B apply in this case, the trial judge correctly disallowed evidence of the victim's past sexual behavior. This evidence was clearly irrelevant to the charges against the defendant.
ASSIGNMENT OF ERROR THREE
The defendant argues that the trial court erred in disallowing evidence as to the victim's character, credibility and motive. Although the defendant concedes that the trial judge allowed some questioning regarding *971 these issues, he claims that testimony on these issues was unfairly limited.
LSA-C.E. art. 607 states as follows:
A. Who may attack credibility. The credibility of a witness may be attacked by any party, including the party calling him.
B. Time for attacking and supporting credibility. The credibility of a witness may not be attacked until the witness has been sworn, and the credibility of a witness may not be supported unless it has been attacked. However, a party may question any witness as to his relationship to the parties, interest in the lawsuit, or capacity to perceive or to recollect.
C. Attacking credibility intrinsically. Except as otherwise provided by legislation, a party, to attack the credibility of a witness, may examine him concerning any matter having a reasonable tendency to disprove the truthfulness or accuracy of his testimony.
D. Attacking credibility extrinsically. Except as otherwise provided by legislation:
(1) Extrinsic evidence to show a witness' bias, interest, corruption, or defect of capacity is admissible to attack the credibility of the witness.
(2) Other extrinsic evidence, including prior inconsistent statements and evidence contradicting the witness' testimony, is admissible when offered solely to attack the credibility of a witness unless the court determines that the probative value of the evidence on the issue of credibility is substantially outweighed by the risks of undue consumption of time, confusion of the issues, or unfair prejudice.
The record reveals that the trial judge allowed defense counsel to question the victim extensively regarding her veracity and her version of events of the two alleged incidents. On two occasions that defendant complains of in his brief, the trial judge sustained objections to comments by defense counsel about the victim's veracity. However, the record shows that objections to these comments were sustained only because they were comments by defense counsel and not questions directed to the victim.
In his brief, defendant also points to portions of the trial transcript which show that during defense counsel's cross-examination of the victim's mother, questions about specific instances where the victim allegedly lied were disallowed. However, the disallowance of these questions was correct because this witness was not asked questions about the victim's character for truthfulness or untruthfulness on direct examination. See, LSA-C.E. art. 608.
With respect to evidence as to the victim's motive, the record shows that the trial judge allowed defense counsel much latitude in questioning the victim about her possible motives for wanting to falsely accuse her uncle of these crimes. The defendant claims that his questioning on this issue was incorrectly limited. We disagree. The record shows that the trial court only disallowed those questions which were very general in nature. The judge instructed defense counsel that he could pursue this line of questioning as long as the questions were more specific as to the particular reasons why the victim may have been angry at her uncle before she accused him of these crimes. The record does not support defendant's assertions in this regard and we find no error in the Court's rulings.
The defendant also argues that the trial judge improperly disallowed evidence as to the victim's career desires, her allegedly aggressive and disruptive nature, her anger, her alleged manipulation of authority figures, her attitude toward rules and laws and her suspicions of other people. The judge ruled that these issues were irrelevant and refused to allow the defense to attempt to impeach the credibility of the victim on these collateral issues.
The defendant suggests that the trial judge's disallowance of testimony on these collateral issues deprived defendant of his right to confrontation guaranteed under the Sixth Amendment to the U.S. Constitution. However, where evidence sought to be admitted is not relevant, the *972 right to confrontation is not affected. State v. Vaughn, 448 So.2d 1260 (La.1983).
This assignment of error is without merit.
ASSIGNMENT OF ERROR FOUR
In this assignment of error, the defendant argues that the evidence is insufficient to support his convictions on two counts of attempted molestation of a juvenile. In reviewing a claim of insufficient evidence, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
LSA-R.S. 14:81.2 defines molestation of a juvenile as follows:
"Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile's age shall not be a defense."
Because the defendant was charged with "attempted" molestation of a juvenile, the State was required to prove that the defendant, having a specific intent to commit a crime, either did or omitted to do an act for the purpose of or tending directly toward accomplishing his object. LSA-R.S. 14:27.
Defendant does not dispute that the age requirement has been proven. However, he asserts the other elements have not been proven beyond a reasonable doubt. Specifically he raises the issue of whether the acts were "lewd and lascivious"[2] and whether the element of supervision and control were proven.
The evidence offered as to the first count of attempted molestation established that the defendant hugged the victim and kissed her on the neck. The recent case of State v. Louviere, 602 So.2d 1042 (La.App. 4th Cir.1992), which involved a charge of attempted indecent behavior with a juvenile, leads us to conclude that defendant's actions in count one did not constitute an attempt to commit a lewd or lascivious act. As in Louviere, there is no indication with respect to count one that any action, other than the hug and kisses, was planned which would bring the defendant's conduct within the ambit of statutory prohibition. The court in Louviere found that, without genital contact or any other obscene or indecent act or repeated occurrence, the kisses in that case were insufficient to establish the element of attempt to commit a lewd or lascivious act.
Because the defendant's actions under the first count of the attempted molestation charges do not constitute an attempt to commit a lewd or lascivious act, we hold that the evidence was insufficient to support his conviction on that count.
With respect to count two, the evidence established that the defendant pulled the victim on top of him while lying in bed, hugged and kissed her and touched her breasts and buttocks. We conclude that a rational trier of fact could have found that the defendant's behavior justified a finding of a lewd and lascivious act.
With regard to the element of intent to arouse or gratify sexual desires, the State does not have to prove actual arousal; it need only prove an intent to arouse. State v. Rollins, supra. Although the victim and the defendant were fully clothed, the defendant's touching of the victim's breasts and buttocks while hugging and kissing her clearly constituted *973 inappropriate body contact. Viewing this evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found that the defendant had the intent to arouse or gratify his or the victim's sexual desires.
The final element which the State was required to prove was the use of influence by virtue of a position of control or supervision over the juvenile. We conclude that on the date of the incident described in count two, the evidence is insufficient to prove this element of the crime. The victim went to defendant's house without his prior knowledge or consent and was able to leave the house at will. The only evidence suggesting any control or supervision by defendant was the victim's positive response to the State's question that "he (defendant) look (sic) after you and Rolanda when you were playing sometimes?" The victim's mother testified that there were no arrangements made with defendant or his wife about keeping the victim that day. The evidence shows that the victim was under no constraints to remain with her uncle nor be subject to his supervision. Accordingly, the evidence is insufficient to support attempted molestation of a juvenile.
However, because the State proved all of the elements of the lesser and included offense of attempted indecent behavior with a juvenile, a violation of R.S. 14:(27)81, we modify defendant's conviction on the second count and render a judgment of conviction of attempted indecent behavior with a juvenile. See LSA-R.S. 14:5; LSA-C.Cr.P. art. 821(E); State v. LeBlanc, 506 So.2d 1197 (La.1987); State v. Schenck, 513 So.2d 1159 (La.1987).
Finally, the defendant argues that he was denied a fair trial because his motion to sever the trials of the two counts of attempted molestation was denied. As noted by the defendant, this court reviewed the denial of his motion in writ application 91-K-0211 and denied writs citing State v. Dickinson, 370 So.2d 557 (La.1979). Under the "law of the case" doctrine, an appellate court will not, on subsequent appeal, reconsider prior rulings in the same case. State v. Junior, 542 So.2d 23 (La.App. 5th Cir. 1989); writ denied, 546 So.2d 1212 (La. 1989).
For the reasons stated above, we reverse defendant's conviction on the first count of attempted molestation. The conviction of attempted molestation on the second count is modified and a judgment of conviction on the lesser and included offense of attempted indecent behavior with a juvenile is hereby rendered. This case is remanded to the trial court for sentencing on the single count of attempted indecent behavior with a juvenile.
CONVICTION ON COUNT ONE REVERSED; CONVICTION ON COUNT TWO MODIFIED; CASE REMANDED.
SCHOTT, C.J., dissents with reasons.
SCHOTT, Chief Judge, dissenting:
Defendant was convicted only of attempts to commit the crime of molestation of a juvenile. In order to convict him the state had to prove only that defendant had the specific intent to molest this child and that he did an overt act tending directly toward the molestation of the child. C.Cr.P. art. 27. The state did not have to prove that defendant committed a lewd and lascivious act on the child, only that this was his intention.
In the first incident, when the child entered defendant's home he locked the door and the two were alone in the house. In these circumstances he put his arms around the child from her back and starting kissing her on the neck. I submit that these facts, when considered in the light most favorable to the prosecution, were sufficient to convince a rational jury beyond a reasonable doubt that defendant had the specific intent to commit a lewd and lascivious act on the child and the acts he did were tending in that direction although not lewd and lascivious in themselves.
With respect to the second incident, my colleagues concluded that the evidence was insufficient to prove that defendant used his influence over the child by virtue of a position of control or supervision over her. *974 R.S. 14:81.2 defines the crime of molestation of a juvenile to include the element, "by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile." If there is force there need not be any influence by the defendant over the child. And since defendant was convicted only of attempts the completed use of force need not be established by the evidence. In the first incident defendant locked the door and put his arms around the child from the back. She was able to pull away. The jury could rationally be convinced beyond a reasonable doubt that this was sufficient evidence of an overt act directly leading to force. Similarly, in the second instance he pulled the child on top of him after she refused his advances, she pulled away from him, he grabbed her again, and she pulled away and got away the second time. Again, this was sufficient to prove an intent by the defendant to force the child to submit to him.
Finally, I disagree that Louviere supports an outright reversal of the conviction of the first count because the facts in Louviere were quite different than those of the present case.
I would affirm both convictions.
NOTES
[1] The docket master states that defendant was charged with two counts of attempted indecent behavior with a juvenile, violations of LSA-R.S. 14:(27)81. However, the language in the bill of information reveals that the defendant was charged with two counts of attempted molestation of a juvenile, violations of R.S. 14:(27)81.2. The cover of the bill of information incorrectly lists the statute number for these crimes as R.S. 14:(27)81.
[2] A lewd and Lascivious act has been defined as an act which tends to excite lust and to deprave the morals with respect to sexual relations and which is obscene, indecent and related to sexual impurity or incontinence carried on in a wanton manner. State v. Rollins, 581 So.2d 379 (La.App. 4th Cir.1991).