841 So.2d 1021 (2003)
STATE of Louisiana
v.
Earl Thomas GASPARD, Jr.
No. 02-1040.
Court of Appeal of Louisiana, Third Circuit.
March 5, 2003.
*1022 Keith W. Manuel, Marksville, LA, for Defendant/Appellant: Earl Thomas Gaspard, Jr.
Renee Y. Roy, Assistant District Attorney, Mansura, LA, for Appellee: State of Louisiana.
Court composed of SYLVIA R. COOKS, JIMMIE C. PETERS, and GLENN B. GREMILLION, Judges.
COOKS, Judge.
The victim, V.G., was Defendant's eleven-year-old son. Defendant and V.G.'s mother were divorced and the mother had custody. From October 2000 until April 1, 2001, V.G. visited Defendant on weekends. During the visits, Defendant watched movies depicting nudity and sex acts in V.G.'s presence and presented him with printed material depicting scantily-clad women. Defendant told V.G. seeing or watching the nudity and sex acts in the magazines and movies "would make his [V.G.'s] penis hard."
The State filed a bill of information against Defendant, charging him with indecent behavior with a juvenile, a violation of La.R.S. 14:81. At the close of trial, the jury found Defendant guilty of the lesserincluded offense of attempted indecent behavior with a juvenile. The court sentenced Defendant to three years at hard labor, suspended, with five years' supervised probation. The court also ordered special conditions, including reporting for twenty-six alternating weekends in parish jail. The court denied Defendant's timely Motion to Reconsider Sentence. Defendant now appeals his conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
In his first assignment, Defendant argues the State's evidence was insufficient to support his conviction. The test for such claims is well-settled:
In reviewing the sufficiency of the evidence to support a conviction, we follow the due process standard of review enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under that standard, "the appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt." State v. Captville, 448 So.2d 676, 678 (La.1984). That standard "preserves the role of the jury as the factfinder in the case but it does not allow jurors `to speculate if the evidence is such that reasonable jurors must have a reasonable doubt.'" State v. Pierre, 93-0893 at p. 5 (La.2/3/94), 631 So.2d 427, 429. The jury is not allowed to engage in speculation based merely upon "guilt by *1023 association." 93-0893 at pp. 5-6, 631 So.2d at 429. In order for the trier of fact to convict and for the reviewing court to affirm a conviction, the totality of the evidence must exclude reasonable doubt.
Under Jackson, all evidence, both direct and circumstantial, must be sufficient to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. See State v. Jacobs, 504 So.2d 817, 820 (La.1987). When circumstantial evidence forms the basis of the conviction, the totality of such evidence must exclude every reasonable hypothesis of innocence. La. R.S. 15:438. However, "[h]ypotheses of innocence are merely methods for the trier of fact to determine the existence of a reasonable doubt arising from the evidence or lack of evidence." State v. Shapiro, 431 So.2d 372, 389 (La.1982) (on reh'g)(Lemmon, J., concurring). This circumstantial evidence rule is not a separate test from the Jackson standard; rather, La. R.S. 15:438 merely "provides an evidentiary guideline for the jury when considering circumstantial evidence and facilitates appellate review of whether a rational juror could have found defendant guilty beyond a reasonable doubt." State v. Wright, 445 So.2d 1198, 1201 (La.1984). "Although the circumstantial evidence rule may not establish a stricter standard of review than the more general reasonable juror's reasonable doubt formula, it emphasizes the need for careful observance of the usual standard, and provides a helpful methodology for its implementation in cases which hinge on the evaluation of circumstantial evidence." State v. Chism, 436 So.2d 464, 470 (La. 1983).
State v. Bridgewater, 00-1529, pp. 8-9 (La. 1/15/02), 823 So.2d 877, 889, modified on rehearing, 00-1529 (La.6/21/02), 823 So.2d at 909, rehearing denied, 00-1529 (La.8/30/02).[1]
Thus, the State must prove the elements of a crime beyond a reasonable doubt, to support a conviction for said crime. Offenses generally have an act element and an intent element, as explained in La.R.S. 14:8(1):
Criminal conduct consists of:
An act or a failure to act that produces criminal consequences, and which is combined with criminal intent.
Defendant in the present case was convicted of attempted indecent behavior with a juvenile. Attempt is defined in La.R.S. 14:27, which states, in pertinent part:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
B. Mere preparation to commit a crime shall not be sufficient to constitute an attempt; but lying in wait with a dangerous weapon with the intent to commit a crime, or searching for the intended victim with a dangerous weapon with the intent to commit a crime, shall be sufficient to constitute an attempt to commit the offense intended.
Indecent behavior with a juvenile is defined in La.R.S. 14:81(A):
Indecent behavior with juveniles is the commission of any lewd or lascivious act upon the person or in the presence of *1024 any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person. Lack of knowledge of the child's age shall not be a defense.
The State was required to prove beyond a reasonable doubt that Defendant specifically intended to commit a lewd and lascivious act upon the person of, or in the presence of V.G., and did an act in furtherance thereof.
On appeal, Defendant attacks the credibility of the State's witnesses, arguing the accusations against him stem from conflicts regarding his divorce from V.G.'s mother. More significantly, he argues the evidence does not prove he committed a proscribed "act" within the meaning of the statutes at issue.
In its brief, the State summarizes its case:
In the present cases, the defendant was found guilty of Attempted Indecent Behavior with a Juvenile. The state contends that the evidence produced at trial does support the finding of Attempted Indecent Behavior with a Juvenile by showing that the accused, a 35 year old man, committed lewd and lascivious acts in the presence of the minor child, an 11 year old child, by showing him explicit pornographic movies and pornographic photos, and that the accused intended to arouse and gratify either his own or the victim's sexual desires, by telling the victim that it would make his penis hard.
We note the language of the bill of information and the bill of particulars was very similar, as was the State's closing argument. Apparently, this scenario was the State's theory of the case. Further, it was supported by V.G., the only State witness who gave direct evidence.
V.G. testified he visited Defendant on weekends between October 2000 and April 2001. During those visits, Defendant would rent movies depicting nudity and people engaged in sexual foreplay. According to V.G., his father told him the movies "would make your penis hard," and told the boy he had to watch them. V.G. testified he did not want to watch the movies.
In court, he identified videotapes that Defendant had played: "Playmate Calendar," "The Best of College Girls," and "Girls Out of Control." These were introduced into evidence, and viewed by the jury. V.G. also testified Defendant showed him a magazine called "Hottest Nudes," and weight-lifting magazines depicting women in bikinis. Defendant also gave him a computer-generated sheet with pictures of semi-nude women. Defendant put it in the boy's travel bag to take home. The sheet of pictures was introduced into evidence. Subsequently, Defendant introduced a pro-wrestling magazine that depicted women in bikinis.
The only other witness who provided direct evidence regarding the events at issue was Defendant, who denied that V.G. ever saw the tapes, or that he rented them for V.G. He did admit the tapes were in the house on weekends when V.G. was with him.
At this point in the Jackson analysis, there is a clear problem in the State's case. The only acts the State relies on in proving the crime charged consisted of Defendant's showing movies and printed materials to V.G. Nothing in the record indicates Defendant touched, or tried to touch, the boy or himself. There is no suggestion of nudity or physical exposure of any kind by either of them. The evidence does not show Defendant suggested they should engage in any sexual acts. As already mentioned, *1025 the State relied upon the act of showing the movies in its trial argument, and repeats it on appeal.
In State v. Louviere, 602 So.2d 1042 (La.App. 4 Cir.1992), writ denied, 610 So.2d 796 (La.1993), also an attempted indecent behavior case, the court explained:
The only act alleged was the attempted "french kiss" of the two young victims. To determine whether the trier of fact rationally concluded that this act was "lewd or lascivious," or an act tending directly toward a lewd or lascivious act, we must first consider how these terms are defined. According to a recent decision of this court,
[a] lewd or lascivious act is one which tends to excite lust and to deprave the morals with respect to sexual relations and which is obscene, indecent, and related to sexual impurity or incontinence carried on in a wanton manner.

State v. Rollins, 581 So.2d 379, 382 (La. App. 4th Cir.1991) (citing State v. Holstead, 354 So.2d 493 (La.1977); State v. Prejean, 216 La. 1072, 45 So.2d 627 (1950).) In State v. Saibold, 213 La. 415, 34 So.2d 909, 911 (La.1948), the Louisiana Supreme Court, in concluding that the meaning of the terms was sufficiently clear when used together, stated that lewd or lascivious behavior "connotes actions or gestures of a lustful and lecherous nature." Furthermore, "to settle any possible doubt," that court directed attention to the Reporter's Comment to § 14:81, which specifies that the purpose of this section prohibiting indecent behavior with a juvenile is to prohibit behavior that falls short of sexual intercourse carried on with young children as well as indecent sexual displays in their presence.
In addition, a review of reported cases of prosecutions under § 14:81 is illustrative of the type of conduct intended to be proscribed. Indecent behavior with a juvenile in which kissing has occurred has uniformly involved more. In State v. Boutte, 384 So.2d 773 (La.1980), the defendant was alleged to have stuck his tongue into the mouth of a four (4) year old neighbor. In addition, however, he removed the child's clothing, laid on top of her, and rubbed her genitals. While the defendant in State v. Jacob, 461 So.2d 633 (La.App. 1st Cir.1984), did repeatedly kiss a thirteen (13) year old boy, he also pulled the boy on top of him in bed and fondled him during an overnight stay. And, this court found indecent behavior with a juvenile to have occurred when the defendant french kissed two young boys and also indulged in inappropriate body contact, all over a protracted period. State v. Rollins, 581 So.2d 379 (La.App. 4th Cir.1991). It appears then that a kiss is proscribed behavior under § 14:81 when it is repeated or accompanied by other acts that seem more likely to excite lust and to deprave morals, generally genital contact.
In view of the definition, the stated purpose of the criminal statute, and our review of prior jurisprudence involving the statute, it would be difficult for the rational trier of fact to conclude that the testimony concerning a "bad kiss" proved the occurrence of a lewd and lascivious act. Furthermore, there was no indication that any other action was planned which, together with the kiss, would bring Louviere's conduct within the ambit of the statutory prohibition. Without genital contact or any other obscene or indecent act or repeated occurrence, these kisses fall short of the statutory and judicial requirements of the crime.
Id. at 1044-1045.
The court reversed the defendant's conviction.
*1026 We recognize Louviere is not on all fours with the present case. In Louviere, there was an "act," but one that was not "lewd and lascivious." In this case, we find the conduct at issue does not even qualify as an "act" contemplated by the statute. However, assuming it was such an "act," Defendant's watching or showing the videos to his son was clearly not "lewd and lascivious" under Louviere. Further, as required by La.R.S. 14:81, there was no evidence Defendant did anything "upon the person" of V.G. and Defendant did not participate in any lewd acts "in the presence of" V.G. Arguably, the actions depicted on the videos were "lewd and lascivious," but Defendant was not a participant in those actions.
Considering the discussion and the result in Louviere, it seems clear that the conduct at issue falls short of the conduct deemed criminal in La.R.S. 14:81. If "french kissing" does not qualify as attempted indecent behavior with a juvenile, we cannot say watching sexually-explicit videos qualifies. Regardless of how distasteful and morally debased Defendant's conduct was, the statute he was charged with violating required certain elements which are not present in this case. While the criminal code provides other offenses which may fit the acts of the Defendant herein, we are unable to speculate on those and must find him not guilty of the crime charged.
For the reasons expressed, we find the evidence adduced by the State, viewed in the light most favorable to the prosecution, does not satisfy the elements of La.R.S. 14:27 and 14:81. Pursuant to Jackson, Defendant's conviction and sentence are vacated and set aside. This renders Defendant's second assignment of error moot.

CONCLUSION
For the foregoing reasons, Defendant's conviction and sentence for attempted indecent behavior with a juvenile are vacated and set aside.
CONVICTION AND SENTENCE VACATED.
NOTES
[1] The original hearing and the rehearing were published together. The rehearing, which appears at page 909, used the same basic Jackson analysis, although it reached a different result.