643 So.2d 304 (1994)
STATE of Louisiana, Appellee,
v.
Larry TUTTLE, Appellant.
Nos. 26307-KA, 26308-KA.
Court of Appeal of Louisiana, Second Circuit.
September 21, 1994.
*305 Carey J. Ellis, III, Rayville, for appellant.
Penny Douciere, Asst. Dist. Atty., Rayville, for appellee.
Before LINDSAY, HIGHTOWER and BROWN, JJ.
BROWN, Judge.
Defendant, Larry Gene Tuttle, was charged by bill of information with two counts of armed robbery, both of which occurred on February 11, 1993. In a separate bill of information, Tuttle was charged with passing worthless checks totaling more than $1,200. Tuttle pled guilty to issuing worthless checks in excess of $500 and to a reduced charge of first degree robbery. The plea agreement provided for concurrent sentences and the dismissal of the other armed robbery charge.
The trial judge noted that the Felony Sentencing Guidelines allowed for a sentence of six to seven years on the first degree robbery charge. After stating several aggravating circumstances, the trial judge rejected the range set forth by the guidelines as too lenient. Tuttle was given a sentence of ten years at hard labor without benefit of parole in the first degree robbery case. A concurrent sentence of two years at hard labor was given on the worthless checks charge and Tuttle was ordered to make restitution upon his release.
Defense counsel orally moved to reconsider the sentences, arguing that the mitigating circumstances warranted a lesser term. The motion was denied and defendant appeals.

DISCUSSION
Our review is limited to the grounds raised in the motion to reconsider and the constitutional claim of excessiveness. LSA-C.Cr.P. Art. 881.1; State v. Mims, 619 So.2d 1059 (La.1993). Our review of the motion to reconsider is circumscribed further when the basis of that motion is a claim that the sentencing guidelines have not been adequately considered and followed. A trial judge must consider the guidelines, but has complete discretion to reject them and impose any sentence within the statutory range which is not constitutionally excessive. State v. Smith, 93-0402 (La. 7/5/94) 639 So.2d 237. (Emphasis added). The court need only state for the record the considerations taken into account and the factual basis for the imposition of that sentence. LSA-C.Cr.P. *306 Art. 894.1. When a judge complies with these requirements, we may only review the sentence imposed for constitutional excessiveness. State v. Smith, supra; State v. Moore, 26,329 (La.App. 2d Cir.1994), 642 So.2d 679.
On oral motion to reconsider the sentences imposed, defendant's counsel noted that Tuttle was a first felony offender, that he had voluntarily entered a rehabilitation center to deal with his drug addiction and that he was enrolled in a job training program. While not specifically stated, the thrust of counsel's argument was that the trial court failed to follow the sentencing guidelines by giving insufficient weight to these mitigating circumstances.
The trial court clearly considered the sentencing guidelines and delineated both what it considered to be mitigating and aggravating factors. The appropriate guideline grid cells and recommended sentences were identified for each offense. The court then listed aggravating circumstances as justification for an upward departure. These circumstances included the following: the robbery charges levied against the defendant were reduced through bargaining; the defendant was under the influence of cocaine at the time of the offenses; on the day of the robbery, in an unrelated incident, defendant placed a gun to the head of an acquaintance and threatened to kill him; also on the day of the robbery, he threatened a third party with a hand gun and stole money and drugs from that person (this was the dismissed count); finally, the worthless checks were written to support defendant's marijuana and cocaine habit.
The trial court also noted that there were mitigating circumstances. The court recognized defendant's status as a first felony offender and his enrollment in chemical dependency and vocational rehabilitation programs. These factors ultimately dissuaded the court from imposing more severe sentences.
Because the record clearly reflects the trial court's consideration of the sentencing guidelines, its reasons and factual basis for the terms imposed, our review is limited to the question of constitutional excessiveness without regard as to whether the trial judge employed or deviated from the guidelines. State v. Smith, supra.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1 § 20 (1974) if it is so grossly out of proportion to the seriousness of the offense that it shocks the sense of justice or is nothing more than the purposeless and needless imposition of pain and suffering. State v. Hogan, 480 So.2d 288 (La.1985); State v. Gibson, 628 So.2d 156 (La.App. 2d Cir.1993); State v. Wilson, 623 So.2d 200 (La.App. 2d Cir.1993). The trial judge has primary responsibility for determining whether a sentence is constitutionally excessive. State v. Dorthey, 623 So.2d 1276 (La.1993). When imposing sentence, a trial judge can legitimately consider a plea bargain which brings about substantial benefits to a defendant. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Winston, 604 So.2d 1384 (La.App. 2d Cir.1992); State v. Lighten, 516 So.2d 1266 (La.App. 2d Cir. 1987). Absent a showing of manifest abuse of the trial court's wide discretion to sentence within statutory limits, a sentence will not be set aside as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Gibson, supra; State v. Grissom, 624 So.2d 476 (La.App. 2d Cir.1993); State v. Norrell, 614 So.2d 755 (La.App. 2d Cir.1993).
Defendant benefitted considerably from the plea bargain. The original charge of armed robbery carries a minimum penalty of five years and a maximum penalty of 99 years. By entering a plea of guilty to the lesser crime of first degree robbery, defendant substantially reduced his exposure from a maximum of 99 years to a maximum of 40 years. Defendant received only one-fourth of the statutory maximum for first degree robbery and only one-fifth of the statutory maximum for issuing worthless checks. LSA-R.S. 14:64.1(B) and 14:71(C).
In light of the seriousness of the offenses and the substantial benefits derived from plea bargaining, the penalty imposed cannot be said to inflict unnecessary pain or suffering. The sentences imposed do not reflect *307 an abuse of discretion by the trial judge nor are they constitutionally excessive. Accordingly, we affirm.
AFFIRMED.
HIGHTOWER, J., concurs with written reasons.
LINDSAY, J., concurs and subscribes to the concurring opinion by HIGHTOWER, J.
HIGHTOWER, Judge, concurring.
I respectfully concur.
However, the opinion should not be read to suggest that all of the aggravating factors delineated by the trial court are proper under § 209 of the Guidelines. That issue is not before us.