11 BROWN, Judge.
Defendant, Ivy Mathis, appeals her conviction of second degree murder, LSA-R.S. 14:30.1, asserting erroneous admission of her tape recorded confession and insufficient evidence to sustain a conviction. We affirm.

FACTS

On the afternoon of October 28, 1992, defendant, Ivy Mathis, conspired with Shirley Jackson to rob Clarence Powell, a 63-year-old resident of Kingsway Apartments, who sold candy and cookies out of his home. Defendant, who was armed with a .22 caliber revolver given to her by Jackson, entered Powell’s apartment later that night with Jackson under the pretense of buying cookies. When Powell turned to get the cookies from his freezer, defendant shot Powell in the head. Defendant and Jackson fled to a friend’s apartment in the same complex.
Monroe Police Department investigators obtained information that led to the detention and interrogation of defendant and Jackson. After being informed of her rights and signing a waiver, defendant told Detective Kerry Black that she and Jackson were standing near the apartment mailboxes when they heard a gunshot. She then saw three black men run from Powell’s apartment, one of whom threw down a gun, which was picked up by defendant.
After being told that Jackson gave a different statement, defendant then stated to Detective Black that she and Jackson went' to Powell’s apartment to rob him and that as she was handing the gun to Jackson, it went off accidentally. Thereafter, in another version, defendant related to Detective Black that she and Jackson were trying to rob Powell and that she was pointing the gun at him when it discharged. This statement was tape recorded and the tape of defendant’s confession was played for the jury.
Defendant was indicted for second degree murder. A jury convicted defendant as charged and the trial court sentenced her as mandated by statute to |2life in prison without benefit of probation, parole or suspension of sentence. The trial court denied defendant’s motion to reconsider in which she complained about the admission of her tape recorded statement and the sufficiency of the evidence.

DISCUSSION

Admissibility of Confession

Defendant contends that the trial court erred in allowing her statement to be entered into evidence and in allowing the tape of her confession to be played to the jury.
Before a confession can be introduced in evidence, the state has the burden of affirmatively proving that it was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. LSA-R.S. 15:451. Whether a statement is voluntary is a question of fact. The trial judge’s ruling, which is based on conclusions of credibility and weight of the testimony, is entitled to great deference and will not be disturbed on appeal unless there is no evidence to support the ruling. State v. Bourque, 622 So.2d 198 (La.1993); State v. Brooks, 541 So.2d 801 (La.1989); State v. Harris, 627 So.2d 788 (La.App. 2d Cir.1993), writ denied, 93-3188 (La. 03/18/94), 634 So.2d 851.
*94 The record supports the trial court’s determination that defendant’s confession was voluntary and made with a complete understanding of her rights. The recording reflects that defendant was read her Miranda rights and also evidences defendant’s verbal acknowledgement that she understood these rights. Defendant initialled the waiver form as each right was explained to her and signed the bottom of the form certifying the voluntary nature of her statement and her comprehension of the rights she was waiving.
Detective Black testified that he read defendant her rights and that she indicated her understanding of them prior to her statement. Detective Black also ^testified that defendant did not appear to be under the influence of drugs or alcohol and that she was not threatened, coerced or promised anything in return for her statement. Lieutenant Leon Price testified that he spoke with defendant after her initial interview with Detective Black and that he confirmed that she had been read and that she understood her rights.
Defendant does not allege that she was threatened, coerced or promised anything in return for her statement, nor does she present any evidence of malfeasance on the part of the police officers. In fact, defendant, in her recorded statement, admitted that she had not been threatened, coerced or promised anything in return for her confession. Under these circumstances, we find no error in the trial court’s ruling allowing the tape recorded statement into evidence.

Sufficiency of the Evidence

Defendant also asserts that the evidence was insufficient to support a conviction of second degree murder.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Williams, 25,835 (La.App. 2d Cir. 02/23/94), 632 So.2d 893; State v. Bellamy, 599 So.2d 326 (La. App. 2d Cir.1992), writ denied, 605 So.2d 1089 (La.1992). This court’s authority to review questions of fact in a criminal case is limited to the Jackson sufficiency of evidence evaluation and does not extend to credibility determinations made by the trier of fact. LSA-La.Const.Art. 5, § 5(C); State v. Lee, 25,917 (La.App. 2d Cir. 05/04/94), 637 So.2d 656; State v. Ferrell, 25,851 (La.App. 2d Cir. 03/30/94), 634 So.2d 977.
|4LSA-R.S. 14:30.1(A) provides: Second degree murder is the killing of a human being:
(1) When the offender has a specific intent to kill or to inflict great bodily harm; or
(2) When the offender is engaged in the perpetration or attempted perpetration of ... armed robbery, first degree robbery or simple robbery, even though he has no intent to kill or inflict great bodily harm.
Dr. Mashbum, the assistant coroner, testified that Clarence Powell died from a gunshot wound to the head. Defendant confessed to police that she shot Powell during a robbery attempt and defendant’s statement was corroborated by Shirley Jackson. The jury found these statements credible. Viewing all of the evidence in the light most favorable to the prosecution, we find sufficient evidence for defendant’s conviction of second degree murder.

Errors Patent

Defendant’s final assignment of error was a request that this court review the record for errors patent. An examination of the record reveals no such error.

CONCLUSION

For the reasons set forth above, defendant’s conviction and sentence are AFFIRMED.