658 So.2d 222 (1995)
STATE of Louisiana, Appellee,
v.
Jesse Edward TUMBLIN, III, Appellant.
No. 27122-KA.
Court of Appeal of Louisiana, Second Circuit.
June 21, 1995.
*223 Bobby Culpepper, Jonesboro, for appellant.
Robert W. Levy, Ruston, for appellee.
Before MARVIN, BROWN and STEWART, JJ.
BROWN, Judge.
Defendant, Jesse E. Tumblin, III, pled guilty to purse snatching, a violation of LSA-R.S. 14:65.1. After rejecting the recommendation of the Felony Sentencing Guidelines (FSG), the trial court sentenced defendant to 7 years imprisonment at hard labor. Defendant appeals arguing that the departure from the sentencing guidelines was unwarranted and that the sentence imposed is constitutionally excessive.

FACTS
Around 9 p.m. on June 18, 1993, Esta McGuire and a friend, Louise Kennimer, walked across a parking lot toward the Harvest Foods Grocery Store in Ruston, Louisiana. Having forgotten something, Ms. Kennimer returned to the vehicle while Ms. McGuire continued toward the store. Near the entrance, Ms. McGuire noticed the shadow-like figure of a man approaching her in the darkness. The man walked directly to Ms. McGuire and grabbed her purse. Ms. McGuire, who was seventy-seven years old, struggled briefly before giving up her purse. The assailant then ran to a waiting vehicle in the rear of the store. A witness gave chase and obtained the license plate number of a blue Nissan automobile used to take the assailant from the scene.
Later that same night, Gibsland, Louisiana police officers stopped the blue Nissan. Officers questioned the driver, Onolet Rhodes, and his passenger, Jesse E. Tumblin, III. Rhodes agreed to cooperate and stated that he and Tumblin drove to the rear of the grocery store, that Tumblin removed his shirt and walked around to the front of the building, and returned running with a woman's purse in his hands. The two then sped away before onlookers could reach the vehicle. Tumblin removed credit cards and $23 before throwing the purse out along a rural Lincoln Parish highway. Rhodes was released and defendant, Jesse Tumblin, was arrested and charged with purse snatching.
Defendant initially pled not guilty; however, on November 15, 1993, he changed his plea to guilty. At sentencing, the trial judge specifically considered the sentencing guidelines and the pre-sentence investigation report. The judge noted and exercised his discretion to reject the guideline's recommended sentence of 54 to 66 months. After setting forth the facts and its reasons, the trial court imposed an 84-month (7-year) hard labor sentence.
Defendant filed, and the trial court denied, a timely motion for reconsideration which urged that his sentence was constitutionally excessive, a wrongful departure from the guidelines, and that the sentencing guidelines are unconstitutional. On appeal, defendant *224 challenges the trial court's application of the sentencing guidelines and asserts again that the sentence imposed is constitutionally excessive.

DISCUSSION

Excessive Sentence
Defendant first attacks the trial court's failure to follow the guidelines, claiming its reasons for departing upward were invalid and noted the court's failure to consider mitigating circumstances. We, however, are proscribed from reviewing these allegations. A trial court may disagree and choose not to follow the guidelines, even in the absence of aggravating or mitigating circumstances. State v. Smith, 93-0402 (La. 7/05/94), 639 So.2d 237; State v. Tuttle, 26,307 (La.App.2d Cir. 9/21/94), 643 So.2d 304.
While a trial judge must consider the guidelines, he has complete discretion to reject them and impose any sentence which is not constitutionally excessive, so long as the sentence is within the statutory range for the crime of conviction and the judge states for the record the considerations and factual basis for the imposition of that sentence. State v. Smith, supra.
The record reflects that the sentencing judge considered both the pre-sentence investigation report and the guidelines before concluding that the sentence recommended by the guidelines was inappropriate. Defendant's 7 year sentence is well within the statutory sentencing range prescribed by LSA-R.S. 14:65.1[1]. Furthermore, the trial judge discussed at length the factors which supported the sentence imposed. Under these circumstances, we are limited to a traditional review of defendant's sentence for constitutional excessiveness.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1 § 20 (1974) if it is so grossly out of proportion to the seriousness of the offense that it shocks the sense of justice or is nothing more than the purposeless and needless imposition of pain and suffering. State v. Hogan, 480 So.2d 288 (La.1985); State v. Tuttle, supra. The trial judge has primary responsibility for determining whether a sentence is constitutionally excessive. State v. Dorthey, 623 So.2d 1276 (La.1993). Absent a showing of manifest abuse of the trial court's wide discretion to sentence within statutory limits, a sentence will not be set aside as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Tuttle, supra.
The trial judge noted the findings in the pre-sentencing investigation report which reflected defendant's prior criminal activity as a juvenile. The report also indicated that defendant had been arrested one week before the subject offense for aggravated battery, disturbing the peace and illegal carrying of a weapon. These charges were subsequently reduced to simple battery for which a bench warrant was outstanding at the time of the instant crime. Finally, the report noted that defendant was charged with aggravated assault less than one year after commission of the present offense. While defendant was a first felony offender at the time of sentencing, his past record and subsequent actions demonstrate a proclivity for violent, criminal behavior and a failure to reform.
The trial judge also placed special emphasis on the victim's maturity. At age seventy-seven, Ms. McGuire was particularly vulnerable. The judge noted that defendant's actions amounted to deliberate cruelty toward an elderly victim. Furthermore, the judge noted the adverse psychological effects suffered by the victim long after her violent encounter with defendant.
Based upon these legitimate factors, defendant was sentenced to slightly more than one-third of the statutory maximum penalty for purse snatching. Under the circumstances, we cannot say that the sentencing judge abused his great discretion.
*225 Defendant argues that the sentencing judge failed to consider mitigating circumstances, such as the absence of significant premeditation, defendant's youth, and his willingness to accept responsibility for his actions through his guilty plea. Defendant and his accomplice found themselves without money for gasoline, so they drove to a location behind the grocery store. Defendant, an African-American, removed his shirt so as to be less visible in the dark. He left the vehicle in search of a victim while Onolet Rhodes waited with the car's engine running for a speedy retreat. We find this to constitute sufficient planning to preclude the lack of premeditation as a mitigating factor. Defendant also characterizes his youth as an impairment to his judgment and, therefore, a mitigating circumstance. His youth, however, was considered by the trial court. Finally, we note that defendant's guilty plea may have been motivated by any number of factors, including, but not limited to, his willingness to accept responsibility for his behavior. We find little substance in the "mitigating circumstances" asserted by defendant.
Defendant also asks that we consider sentences imposed in other cases involving the same offense. Having concluded that defendant's sentence is supported by the proper and reasonable exercise of judicial discretion, we decline to engage in the requested exercise. The sentence imposed on this defendant under the facts of this case is appropriate, thereby rendering the sentences imposed in other cases irrelevant.

Errors Patent
Our error patent review of the record disclosed the trial court's failure to advise defendant of the time period within which he can apply for post conviction relief as required by LSA-C.Cr.P. Art. 930.8. We noted no other errors patent during our review.

CONCLUSION
Defendant's sentence was imposed following the appropriate recognition of recommendations in the sentencing guidelines and the proper exercise of judicial discretion to disregard those recommendations. The sentence imposed does not shock our sense of justice or amount to the needless and purposeless infliction of pain. Accordingly, defendant's sentence is affirmed. The district court is ordered to give defendant written notice of the prescriptive period for applying for post conviction relief within ten days of the rendition of this opinion and to file defendant's receipt of such notice in the record.
AFFIRMED.
NOTES
[1] The penalty for purse snatching is found in LSA-R.S. 14:65.1(B): "Whoever commits the crime of purse snatching shall be imprisoned, with or without hard labor, for not less than two years and for not more than twenty years."