| xBROWN, Judge.
In 1989, defendant, Allen Devoil, was charged with four counts of distribution of cocaine, a violation of LSA-R.S. 40:967. Plea bargaining reduced the charges to a single count to which defendant pled guilty in February 1990. Defendant was then released on bond pending sentencing. Prior to sentencing, defendant fled to Las Vegas. In 1994, defendant was located and extradited back to Louisiana to face charges for another charge of distribution of cocaine that occurred in 1990, while awaiting sentencing on the instant charge. Thereafter, he was sentenced to fifteen years at hard labor for the 1989 cocaine incident. Devoil now appeals his sentence as unconstitutionally harsh and excessive.
*665 DISCUSSION
The trial judge reviewed the sentencing guideline reports and PSI before imposing sentence. The court noted that while awaiting sentencing defendant committed another crime, distribution of cocaine, and fled the court’s jurisdiction. A different court imposed sentence for that offense prior to the instant sentencing. The court summarized the facts of this ease and the dismissed charges. The court pointed out that defendant received a favorable plea bargain which reduced his exposure from 120 years to 30 years, while reducing possible fines of up to $60,000 to $15,000. Defendant’s criminal history contained misdemeanor convictions for possession of marijuana, making harassing phone calls, and three convictions for simple battery. The sentencing judge clearly noted his review of the sentencing guidelines report and recognized that defendant was erroneously identified therein as a second felony offender. Having consulted the guidelines, however, the judge chose to depart from them and imposed a more severe sentence in keeping with the facts of the case and defendant’s failure to reform despite the leniency and favorable terms previously extended.
IgThe felony sentencing guidelines were properly consulted and deemed unresponsive to the situation presented in this case. The sentencing judge adequately delineated the facts to support a sentence that, while enhanced, amounted to only one-half of the statutory maximum penalty. State v. Smith, 93-0402 (La. 07/05/94), 639 So.2d 237. The serious nature of the offense, its adverse impact on society, and defendant’s proclivity for engaging in such conduct prevent our sense of justice from being shocked by the sentence imposed. State v. Square, 433 So.2d 104 (La.1983); State v. Tuttle, 26,307 (LaApp. 2d Cir. 09/21/94), 643 So.2d 304. We therefore affirm.
AFFIRMED.