| iBROWN, Judge.
Defendant was indicted with one count of conspiracy to distribute marijuana between January 1992 and August 1993 and three counts of distribution of marijuana occurring in March and May of 1992. (LSA-R.S. 40:979 and 966). Under a plea agreement, defendant pled guilty to the conspiracy count and the other counts were dismissed.
On appeal defendant claims that his seven year hard labor sentence is excessive. We affirm.
*1310 At the guilty plea, defendant stated that “[W]ell, I conspired with a friend of mine (Rocky Rogers) to give him some marijuana (in March 1992)”. The indictment, however, charged that he conspired “with others.” At the guilty plea proceedings, the state specified that defendant conspired with four people including Rogers to distribute marijuana between January 1992 and August 1993. The state directed the trial court to testimony at a bond reduction hearing. At that hearing, law enforcement officers detailed their investigation of defendant and statements obtained from three subjects, including Rocky Rogers, that defendant fronted or supplied marijuana which these subjects then sold to undercover officers. The fourth subject was defendant’s sister who was arrested in July 1993 while in possession of eight pounds of marijuana and allegedly acting as defendant’s courier. Defendant responded affirmatively to the court’s question if he understood “all of that” and stated that he wanted to plead guilty to the conspiracy count.[1]
In making its sentencing decision, the trial court reviewed a presentence investigation report and a guideline’s worksheet.[2] The worksheet reflected ^defendant’s misdemeanor convictions for DWI, possession of marijuana, and simple battery. The worksheet recommends 90 to 135 sanction units or 30 months in the event of revocation.
A trial court may choose not to follow the guidelines, even in the absence of aggravating or mitigating circumstances. State v. Smith, 93-0402 (La. 7/7/94), 639 So.2d 237; State v. Tuttle, 26,307 (La.App.2d Cir. 9/21/94), 643 So.2d 304; State v. Tum-blin, 27,122 (La.App.2d Cir. 6/21/95), 658 So.2d 222. While a trial court must consider the guidelines, it has complete discretion to reject them and impose any sentence which is not constitutionally excessive, so long as the sentence is within the statutory range for the crime of conviction and the court states for the record the considerations and factual basis for the imposition of that sentence. State v. Smith, supra; State v. Tumblin, supra.
The trial court considered but rejected the sentencing recommendation provided by the guidelines, imposed a sentence within the range allowed by the statute, and fully stated the reasons and factual basis for the sentence. Thus, our review of the sentence is limited to constitutional exeessiveness.
The trial court considered police reports and statements furnished by the state in discovery and testimony presented at a bond reduction hearing. This information shows that in March and May of 1992 defendant fronted or supplied marijuana to Ernest Costin, Lynn Parish and Rocky Rogers for resale. Some of the sales by these individuals were to undercover police agents and cooperating individuals. All of these subjects were convicted by pleading guilty to felonies, including distribution of marijuana, and gave statements detailing defendant’s preeminent participation in the distribution scheme. On the other hand, defendant claims in brief that “the common vein running through all these individuals were their lengthy records of narcotic violations and their willingness to say anything for leniency ... (and) [D]espite these factors, these three individuals, who pled hguilty to numerous felonies committed in 1992, received sentences of 5, 5 and 8 years.”
At the bond reduction hearing, a state trooper testified that defendant’s sister, Debra Davison, and Marvin Ward acted as his couriers and were arrested in possession of eight pounds of marijuana in July 1993. The state police investigation indicated that between January 1992 and August 1993, defendant was responsible for more than 200 pounds of marijuana being delivered to Oua-chita Parish.
The trial court noted that the conspiracy lasted 19 months; that defendant had obtained the marijuana from a Texas, location and supplied it to his conspirators; that as a *1311 result, substantial amounts of marijuana were introduced into the community; and that defendant obtained major economic benefits from his criminal activity.
Defendant urges that the court failed to articulate “even one of several mitigating factors.” Defendant’s wife and mother, however, testified at the bond reduction hearing concerning his family situation and background. Additionally, a sentencing booklet was given to the trial court by defendant containing letters from family, friends, past and potential employers, and defendant. In his letter to the court, defendant stated that “some of these people (conspirators) were my suppliers, but in order to make themselves look better made me out to be the top marijuana distributor.” This testimony and booklet chronicled defendant’s first felony offender status, employment history, marriage and five children. The trial court was fully cognizant of defendant’s age. At the age of thirty three, defendant’s “youth” was not a mitigating factor.
A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (Laj41993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate when the crime and punishment, considered in light of the harm done to society, shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Thompson, 25,583 (La.App.2d Cir. 1/19/94), 631 So.2d 555. Absent a showing of manifest abuse of discretion, a reviewing court may not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Thompson, 25,583 (La.App.2d Cir. 1/19/94), 631 So.2d 555; State v. Madison, 535 So.2d 1024 (La.App.2d Cir.1988); State v. Hudgins, 519 So.2d 400 (La.App.2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988).
The trial court adequately articulated the reasons for the sentence imposed. Defendant benefited from the plea bargain by significantly reducing his sentencing exposure, was involved in an illegal drug distribution scheme, and profited at the expense of others. At the guilty plea proceedings, defendant claimed his involvement was limited to one occasion in May of 1992; however, although disclaiming that he was a top marijuana distributor, his letter to the court implied a participation more extensive than one event. Defendant did not request a sentencing hearing to develop his alleged minor role in the conspiracy.
Defendant’s guilty plea was to a conspiracy involving four named people and ranging over a 19 month period. A guilty plea is a waiver of the right to question the state’s case and factual basis underlying the conviction. State v. Buggs, 567 So.2d 744 (La.App.2d Cir.1990). Under the totality of the circumstances of this case, the trial court did not abuse it great discretion and the sentence imposed is not constitutionally excessive.
Our error patent review disclosed that the trial court failed to inform defendant of the prescriptive period for post-conviction relief, as required by LSA-C.Cr.P. Art. 930.8. This defect has no bearing on the sentence and is not grounds to reverse or remand for resentencing. LSA-C.Cr.P. Arts. 921, 930.8(C); State v. \5C0x, 604 So.2d 189 (La.App.2d Cir.1992); State v. Mock, 602 So.2d 776 (La.App.2d Cir.1992). The trial court, however, is directed to send appropriate written notice to defendant of the prescriptive period within 10 days of the rendition of this opinion and to file proof of defendant’s receipt of such notice in the record of these proceedings. State v. Mock, supra; State v. Smith, 600 So.2d 745 (La. App.2d Cir.1992). No other error patent was noted.
The conviction and sentence are affirmed.
AFFIRMED.

. Although not asserted in this appeal, if this could be considered an Alford plea, then the requisite factual indicia of guilt was shown. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

. Although the Felony Sentencing Guidelines have been repealed, they were in effect at the time of this sentencing.