CALOGERO, Chief Justice,
dissenting from denial of writ.
Under Louisiana Code of Evidence article 404(A), “[e]vidence of a person’s character or a trait of his character, such as a moral quality, is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion.... ” In other words, evidence of other crimes cannot be used to establish a person’s predisposition to commit certain acts. The exceptions to subsection (A)’s general prohibition of character evidence are found in subsection (B), which permit the introduction of “other crimes” evidence for certain other statutorily identified and limited purposes. Specifically, under subsection (B), evidence of “other crimes, wrongs or acts” may be admissible to prove “motive, opportunity, intent, preparation, plan, knowledge, identity, [or] absence of mistake or accident.”
In the instant case, over the defendant’s strenuous objections, the state presented evidence of “other crimes, wrongs or acts” that the defendant allegedly committed eight years before the charged offense. The court of appeal upheld the admission of this “other crimes, acts or wrongs” evidence on the basis that it tended to prove defendant’s “plan” and “intent” in the prosecution of the charged offense, two of the article 404(B) exceptions for the admissibility of such character evidence. I disagree with the court of appeal’s reasoning, as this alleged “other crime” was not particularly similar to the charged offense, occurred eight years prior to the charged offense, and, in contrast to the charged offense, involved an unrelated victim who was not a member of the defendant’s immediate family. Under these circumstances, it cannot be said that the evidence established defendant’s “plan” or “intent.” Rather, it appears that the evidence was used only to show the defendant’s propensity for committing such acts, which is clearly prohibited by article 404(A).
This case is just another in a series of recent cases in which the lower courts have judicially expanded article 404(B) beyond its legislatively imposed limits in order to permit the introduction of “other crimes” evidence in sex offense cases. See, e.g., State v. Sturdivant, 27,680 (La.App.2d Cir. 2/28/96), 669 So.2d 654; State v. DeRoche, 629 So.2d 1267 (La.App. 5th Cir.1993); State v. Driggers, 554 So.2d 720 (La.App. 2d Cir.1989). The lower courts’ rulings in these cases follow a national trend towards broader admissibility of “other crimes” evidence in cases involving alleged sexual abuse of minor children. GeoRGE W. Pugh et al., Handbook on Louisiana Evidence Law 287 (1997) (citing law review articles). In my view, this Court should render an authored opinion in this important, but as yet, unresolved area. The case sub judice would be a good case for that purpose.
For these reasons, I would grant the writ and docket the case for oral argument and briefing.