CARAWAY, J.
| Gherman Robinson was charged with indecent behavior with juveniles in violation of La. R.S. 14:81 and simple battery (a misdemeanor) in violation of La. R.S. 14:35. The matters were tried together after Robinson selected a bench trial for the felony charge. The court found Robinson guilty as charged on both counts and denied his motion for post-verdict judgment of acquittal.
Robinson received a suspended sentence of five years at hard labor on the indecent behavior conviction. For the simple battery count, Robinson was given a six-month sentence with all but five suspended. The defendant now appeals his conviction and sentence for the felony charge of indecent behavior with a juvenile. We affirm.

Facts

On March 11, 2006, 40-year-old Sherman Robinson visited a clothing store in a Shreveport mall. By his own admission, Robinson had been smoking marijuana *855 earlier that day. The patrons inside the store included a fourteen-year-old female, M.G., and an adult woman, K.G. Neither M.G. nor K.G. was acquainted with the defendant.
At trial, M.G. testified that Robinson “grabbed me on my behind with his hands. I had looked up, and he said, ‘Hey, baby.’ And he tried to go up my shirt, but I had ran.” She further stated that Robinson:
He tried to, like, when he grabbed [my buttocks], my shirt was longer down here, so he tried to go up my shirt, but he was like at the tip of my shirt, I had ran, as he said, “Hey, baby.”
M.G. ran and told her cousin what had happened.
|2K.G. testified that Robinson also approached her. She testified that she “felt someone come up behind me with both hands, grabbed my [buttocks] cheeks, and when I turned around and realized that I did not know who the person was, I got aggressive and started fighting and yelling.” She testified that Robinson headed for one of the store’s dressing rooms. K.G. then summoned help.
The store’s manager summoned security officers. The mall site security supervisor encountered the store manager and Robinson standing near the store front. As he asked Robinson for identification, two Cad-do Parish Sheriff’s Officers, working off-duty as mall security, spoke with Robinson and escorted him to the mall security office.
Officer Chris Knighton described his encounter with the defendant, as follows:
So just because of all the confusion, I walked [Robinson] back to the mall security office. He was hesitantly walking back, kind of was looking through me, like I couldn’t quite tell. His state of mind was not normal, but I was able to get him to walk back with me calmly.
Once they arrived at the security station, Knighton interviewed Robinson. The deputy testified:
[Robinson’s] demeanor just led me to believe that he was on some sort of medication or drugs or something. And I didn’t smell anything on him, but he was kind of in a daze. That was my main concern at the time was, are you okay? What’s wrong? He says “Nothing.” And I said “Are you on any medication?” He said, “I smoked some marijuana a couple hours ago,” I believe.
K.G. entered the room and identified Robinson as the man who touched her. Robinson became fidgety and the deputy handcuffed him. As |she did so, Robinson, said “I’m sorry.” K.G. testified that Robinson told her “I’m sorry. I didn’t know you were grown.” M.G. also entered the room and informed the officers that Robinson had touched her as well. Robinson became somewhat agitated and the deputy decided to have him taken to jail in a patrol unit.
After being read his rights at the jail, Robinson appeared to become more lucid, and again admitted that he had smoked marijuana. Robinson further stated, “All I know is, I saw two good-looking women, and I just couldn’t help myself.” At trial, Robinson testified that he had smoked marijuana earlier that day and admitted that he had grabbed KG.’s buttocks but denied touching the young girl.
At Robinson’s request, the trial court allowed a responsive verdict instruction for simple battery for the indecent behavior charge. The court accepted the testimony of the victims and rejected that of Robinson, finding the defendant guilty of both charged offenses. Robinson filed a motion for post-verdict judgment of acquittal which the court denied at sentencing.
*856 For the indecent behavior conviction, the court sentenced Robinson to a suspended sentence of five years and placed Robinson on two years supervised probation. The court also directed Robinson to comply with the sex offender registration and notification laws and ordered him to pay $55 per month to probation and parole, or perform two days of community service per month, and pay $10 per month to the indigent defender board. The defendant did not file a motion to reconsider sentence. Robinson now appeals his felony conviction.

\ ¿Discussion

Robinson argues that his act of grabbing the minor on the buttocks was not a lewd or lascivious act under La. R.S. 14:81.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Tate, 01-1658 (La.5/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004); State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132; State v. Murray, 36,137 (La.App.2d Cir.8/29/02), 827 So.2d 488, writ denied, 02-2634 (La.9/05/03), 852 So.2d 1020. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Pigford, 05-0477 (La.2/22/06), 922 So.2d 517; State v. Robertson, 96-1048 (La.10/4/96), 680 So.2d 1165. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La.App. 2d Cir.8/30/02), 827 So.2d 508, writ denied, 02-3090 (La.11/14/03), 858 So.2d 422.
Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the [.^witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Allen, 36,180 (La.App. 2d Cir.9/18/02), 828 So.2d 622, writs denied, 02-2595 (La.3/28/03), 840 So.2d 566, 02-2997 (La.6/27/03), 847 So.2d 1255, cert. denied, 540 U.S. 1185, 124 S.Ct. 1404, 158 L.Ed.2d 90 (2004).
At the time of the offense, La. R.S. 14:81 provided:
A. Indecent behavior with juveniles is the commission of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person. Lack of knowledge of the child’s age shall not be a defense.
To convict a defendant of this offense, the state must prove that (1) there was an age difference of greater than two years between the accused and the victim, who was not yet 17; (2) the accused committed a lewd or lascivious act upon the person or in the presence of the child; and (3) that the accused had the specific intent to arouse or gratify either his own or the victim’s sexual desires. State v. Bugbee, 34,524 (La.App. 2d Cir.2/28/01), 781 So.2d 748. Indecent behavior with juveniles is a specific intent crime where the state must prove the defendant’s intent to arouse or gratify his sexual desires by his actions with a child. State v. Wallace, 41,270 (La.App. 2d Cir.1/24/07), 949 So.2d 556. This *857 article is intended to apply to behavior which falls short of sexual intercourse carried on with young children. State v. Saibold, 213 La. 415, 34 So.2d 909 (1948); State v. Rideaux, 05-446 (La.App. 3d Cir. 11/2/05), 916 So.2d 488.
| ¿The word “lewd” means lustful, indecent and signifies that form of immorality which relates to sexual impurity carried on in a wanton manner and is identified with obscenity and measured by community norms for morality. The word “lascivious” means tending to incite lust, indecent, obscene and tending to deprave the morals in respect to sexual relations. State v. Holstead, 354 So.2d 493 (La.1977); State v. Prejean, 216 La. 1072, 45 So.2d 627 (1950); State v. Bugbee, supra. Finding that an act is lewd or lascivious depends upon the time, the place and all of the circumstances surrounding its commission, including the actual or implied intention of the actor. State v. Bugbee, supra; State v. Sturdivant, 27,680 (La.App. 2d Cir.2/28/96), 669 So.2d 654.
Generally, convictions for indecent behavior with a juvenile where kissing was the proscribed act have been upheld when inappropriate body contact and fondling also occurred. See State v. Boutte, 384 So.2d 773 (La.1980); State v. Ragas, 607 So.2d 967 (La.App. 4th Cir.1992), writ denied, 612 So.2d 97 (La.1993); State v. Jacob, 461 So.2d 633 (La.App. 1st Cir.1984); State v. Rollins, 581 So.2d 379 (La.App. 4th Cir.1991). On the contrary, convictions for the offense where only kissing occurred have been reversed on the grounds that a one-time kissing event, without genital contact or any other obscene or indecent act or repeated occurrence, was insufficient to establish the lewd or lascivious act element of the crime. State v. Louviere, 602 So.2d 1042 (La.App. 4th Cir.1992), writ denied, 610 So.2d 796 (La.1993); State v. Ragas, supra.
|7Likewise in cases involving the touching of the buttocks, convictions for indecent behavior with juveniles have been upheld where words or actions accompanied the touching. In State v. Sturdivant, supra, a conviction was sustained for indecent behavior with juveniles where the defendant persisted in speaking about sexually related topics and an article he had allegedly written regarding the molestation of young girls. He then walked up behind the girl, thrust his arms under her arms and attempted to grab her breasts. When she pulled away the defendant placed his hands on her buttocks and “lifted up and kind of rubbed” and commented that she now knew what he meant by being fondled. See also State v. Stamper, 615 So.2d 1359 (La.App. 2d Cir. 1993), modified on other grounds, 624 So.2d 1208 (La.1993); State v. Bugbee, supra; State v. Duplichan, 06-852 (La.App. 3d Cir.12/6/06), 945 So.2d 170, writ denied, 07-0148 (La.9/28/07), 964 So.2d 351; State v. Cyriak, 96-661 (La.App. 3d Cir.11/6/96), 684 So.2d 42. The mere touching of the breasts and buttocks of a child by a defendant without accompanying words or actions has resulted in a conviction for indecent behavior with a juvenile in State v. Guillory, 07-422 (La.App. 3d Cir.10/31/07), 970 So.2d 670. Likewise, the mere groping of the buttocks of a child from behind by a defendant supported a conviction for indecent behavior with a juvenile in State v. Washington, 06-0634 (La.App. 3d Cir.11/3/06), 2006 WL 3109742, writ denied, 07-0113 (La.10/12/07), 965 So.2d 393. The fondling of a child’s buttocks under cover of the bed where she slept accompanied by a threat to kill her if she told |ssupported conviction for attempted indecent behavior with juveniles in State v. Cyriak, supra.
In this case, the defendant grabbed the stranger’s buttocks for a few moments be *858 fore the child was able to react and pull away. The defendant “tried to go up [the victim’s] shirt,” but the victim ran away. He engaged in similar groping behavior with another victim. During the physical contact, the defendant said “Hey, baby” to the victim. Robinson later admitted that he acted because he believed the women to be attractive females and he could not help himself. The term “hey baby” and Robinson’s statement that he was not able to help himself sufficiently disclose his sexual intentions toward the victim. When viewed in context with the acts which accompanied Robinson’s words, including the groping of the child’s buttocks and an attempt to reach under her shirt, his behavior was indecent, violated community norms for morality and was indicative of Robinson’s lustful disposition toward the child. Thus, when viewed in the light most favorable to the state, a rational fact finder could have concluded that forty-year-old Robinson was guilty of indecent and lewd acts upon this fourteen-year-old with the intent of arousing or gratifying his sexual desires.
Robinson also argues that his five-year suspended sentence for the offense of indecent behavior with a juvenile is excessive.
Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. Livingston, 39,390 (La.App. 2d Cir.4/6/05), 899 So.2d 733; State v. White, 37,815 (La.App. 2d Cir.12/17/03), 862 So.2d 1123.
At the time of this offense, La. R.S. 14:81 provided, in part:
C. Whoever commits the crime of indecent behavior with juveniles shall be fined not more than five thousand dollars, or imprisoned with or without hard labor for not more than seven years, or both, provided that the defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with the provisions of Code of Criminal Procedure Article 893.
Although Robinson’s five-year hard labor sentence is at the upper end of the sentencing range, the term of imprisonment was suspended in its entirety in favor of two years supervised probation. Robinson is required to register as a sex offender under the mandatory provisions of La. R.S. 15:542. Considering the leniency afforded Robinson by the court for the offense, we cannot say that the imposed sentence shocks the sense of justice. Robinson’s crude behavior violated the innocence of a fourteen year old and inflicted obvious distress upon the child. For these reasons, the imposed sentence is affirmed.

Conclusion

For the foregoing reasons, Robinson’s conviction and sentence are affirmed.
AFFIRMED.